UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| FRIEDRICH LU, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 15-cv-10088-ADB |
| | * | |
| THE CANTON CORP., et al., | * | |
| | * | |
| Defendants. | * | |

## ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION

BURROUGHS, D.J.

Plaintiff Friedrich Lu ("Plaintiff") has filed a Motion for Reconsideration [ECF No. 17] of the Court's May 13, 2015 Order [ECF No. 13] allowing a motion to dismiss filed by defendants The Canton Corp.; Fairfield Real Estate Management Co.; Frederick E. Fairfield; and Heather Lynn Fairfield (the "Fairfield Defendants"). The Fairfield Defendants moved to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(1), arguing that Plaintiff's Complaint failed to allege any factual basis for his federal claims[1] that was not "contrived." Plaintiff filed an Opposition to the Fairfield Defendants' Motion to Dismiss. For the reasons set forth in the Court's May 13, 2015 Order, the Court treated the motion to dismiss for lack of subject matter jurisdiction as a motion to dismiss for failure to state a claim upon which relief may be granted. Accordingly, the Court dismissed Plaintiff's federal claims against the Fairfield Defendants pursuant to FRCP 12(b)(6). For the same reasons, the Court also dismissed, sua sponte, the same federal claims against four other defendants who had not yet appeared in the

---

[1] Plaintiff's Complaint alleged claims under the federal RICO statute, as well as a claim pursuant to 42 U.S.C. §1983. He also alleged a host of state-law claims, which the Court will not catalog here.

action, because Plaintiff had clearly failed to plead facts plausibly suggesting that <u>any</u> defendant had violated the federal RICO statute or 42 U.S.C. § 1983, as alleged in his Complaint. The Court further declined to exercise supplemental jurisdiction over Plaintiff's remaining state law claims, and it ordered the case dismissed.

Plaintiff makes two arguments in support of his Motion for Reconsideration. First, Plaintiff suggests that the Fairfield Defendants waived a FRCP 12(b)(6) defense of failure to state a claim upon which relief may be granted, because they styled their motion as a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). Plaintiff is incorrect. FRCP 12(h) specifically provides that the defense of failure to state a claim pursuant to FRCP 12(b)(6) is preserved against waiver. <u>See</u> Fed. R. Civ. P. 12(h); <u>Hickey v. MetroWest Med. Ctr.</u>, 193 F. App'x 4, 5 (1st Cir. 2006) (unpublished) (defendant did not waive 12(b)(6) defense by failing to include it in first motion to dismiss for insufficient service of process).

Second, Plaintiff argues that the Court should have denied the Fairfield Defendants' Motion to Dismiss pursuant to FRCP 12(b)(1) "and stopped there." [ECF No. 17]. The Court interprets this to mean that it should not have treated the Fairfield Defendants' Motion to Dismiss for lack of subject matter jurisdiction as a motion to dismiss for failure to state a claim. Plaintiff also suggests that the dismissal of his federal claims under these circumstances violated his due process rights. Plaintiff's argument, however, is not persuasive. Courts may treat an improperly-labeled motion to dismiss for lack of subject matter jurisdiction as a motion to dismiss for failure to state a claim. <u>See</u> <u>Sharpe v. Kelley</u>, 835 F. Supp. 33, 34 (D. Mass. 1993) (treating motion to dismiss pursuant to FRCP 12(b)(1) as a motion to dismiss for failure to state a claim); <u>United States v. Town of Lincoln Zoning Bd. of Appeals</u>, 928 F.Supp.2d 272, 279 (D. Mass. 2013) (same); <u>Less v. Lurie</u>, 789 F.2d 624, 625 n.1 (8th Cir. 1986). Furthermore, the Plaintiff's due process rights

were not violated. Although the Fairfield Defendants' Motion to Dismiss was submitted pursuant to FRCP 12(b)(1), the Motion gave Plaintiff sufficient notice that the Fairfield Defendants were challenging the adequacy of his factual allegations in support of his claims under the federal RICO statute and 42 U.S.C. § 1983. In addition, although Plaintiff has not sought leave to amend his Complaint, the Court finds that an amendment would be futile in these circumstances. The facts alleged in the Complaint make it patently clear that Plaintiff cannot state a viable federal RICO claim, or a 42 U.S.C. § 1983 claim, against any defendant named in this action.

Further, this case is factually distinguishable from Chute v. Walker, 281 F.3d 314 (1st Cir. 2002), cited by Plaintiff. In Chute, the district court had allowed a motion to dismiss claims against defendants in their "official capacities," but it also dismissed, sua sponte, claims against a police officer defendant in his individual capacity, although no defendant had moved to dismiss the entire complaint. The district court reasoned that dismissal was warranted because the complaint did not allege any claims against the officer in his individual capacity, and the officer had not been served with process in his individual capacity. Id. at 317. On appeal, the First Circuit reversed, noting that the complaint clearly stated that plaintiff was suing the officer in his individual capacity, and that the officer had waived any service of process objection. Id. at 318. Consequently, the district court erred in dismissing the individual capacity claims sua sponte. Chute, therefore, is not analogous to the case at bar. Here, the Court's dismissal of Plaintiff's federal RICO and § 1983 claims against all defendants was not based on a misreading of the Complaint, but on Plaintiff's failure to allege sufficient facts to state a viable federal claim against any defendant in the litigation. Further, the Fairfield Defendants, unlike the defendants in Chute, had moved to dismiss the Complaint in its entirety, and Plaintiff had notice of the substance of the grounds argued in support of dismissal.

The Plaintiff's Motion for Reconsideration is therefore <u>DENIED</u>. To the extent that Plaintiff may have viable state law claims against the defendants (which is a question that this Court will not reach), he must pursue those claims in state court.

**SO ORDERED.**

Dated: May 20, 2015

<u>/s/ Allison D. Burroughs</u>
ALLISON D. BURROUGHS
DISTRICT JUDGE